IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYTOSPORT, INC.,

        Plaintiff,                     No. 2: 11-cv-1705 MCE JFM

        vs.

SELECT MILK PRODUCERS, INC., et al.,

        Defendants.              <u>ORDER</u>

_____/

        This matter came to be heard on December 6, 2012 at 11:00 a.m. in courtroom # 26 on defendants' motion for a protective order seeking a stay of all discovery and plaintiff's motion to compel responses by defendants to its first request for the production of documents and first interrogatories. For the following reasons, defendants' motion for a protective order will be denied and plaintiff's motion to compel will be granted.

**I. BACKGROUND**

        In June 2011, plaintiff filed this action against defendants for protection of its trademarks associated with its ready to drink nutritional supplements and powders sold under a variety of trademarks including, among others, "Muscle Milk" as well as its slogan "Recover, Restore, Rebuild." Plaintiff asserts that defendants' products target its "Milk" family of

1

trademarks by calling its products "Athlete's Honey Milk" and using slogans such as "Rebuild, Refuel, Recover" to market and promote its nutritional supplement drinks. Among the causes of action that plaintiff raises in the complaint are federal claims for trademark infringement, unfair competition, cancellation of defendants' trademark registrations and state law claims for trademark infringement and unfair competition.

Defendants answered the complaint in February 2012. Defendants raise three counterclaims against the plaintiff. First, defendants assert a federal false advertising claim against plaintiff pursuant to 15 U.S.C. §§ 1125(a), 1119. Defendants assert that plaintiff's promotion and advertising of its beverages as "Milk" is likely to cause consumers to mistakenly believe that plaintiff's beverages are milk-based when they are not. Additionally, defendants raise two state law counterclaims for false advertising.

On September 10, 2012, the district court issued a scheduling order which calls for fact discovery to conclude by April 24, 2013. (See Dkt. No. 40 at p. 2.) Plaintiff served its first request for the production of documents and first set of interrogatories on defendants on August 7, 2012. (See Dkt. No. 45 Ex. A & B.) Defendants did not answer plaintiff's discovery requests. Instead, on October 12, 2012, plaintiff filed a motion for a protective order seeking a stay of all discovery. On October 31, 2012, plaintiff filed a motion to compel defendants to respond to its discovery requests as well as an opposition to defendants' motion for a protective order.

## II.  DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Defendants seek an order staying all discovery pending resolution of an expected motion to dismiss by plaintiff on defendants' counterclaims. The Federal Rules of Civil Procedure provide that a court may issue a protective order "for good cause" to protect a party from annoyance, embarrassment, oppression or undue burden or expense. See FED. R. CIV. P. 26©. Defendants assert that a protective order is warranted because the Ninth Circuit's decision in Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170 (9th Cir. 2012) may affect the court's

subject matter jurisdiction over its counterclaims.

Defendants have failed to show the requisite "good cause" to warrant their request to stay all of discovery.  First, the court notes that defendants filed their motion for a protective order beyond the thirty-day period for which responses to plaintiff's discovery requests were due.  See FED. R. CIV. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories); FED. R. CIV. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served.").  Second, almost all of plaintiff's discovery requests relate to its affirmative claims against defendants, not defendants' counterclaims against plaintiff.  Thus, responding to plaintiff's discovery requests on defendants' counterclaims would not unduly burden defendants.  Defendants' request to stay all discovery is overly broad and would unnecessarily halt discovery on plaintiff's affirmative claims against defendants.  Furthermore, as previously stated, defendants' counterclaims remain pending and active in this case.  Finally, the court notes that plaintiff's request to stay discovery relies in part on something that may or may not ever come to pass.  Staying all of discovery for this purpose would unnecessarily delay the case (and particularly plaintiff's claims) from proceeding in due course.  For these reasons, the court finds defendants have failed to show "good cause" to warrant granting a protective order staying all of discovery.

### III.  PLAINTIFF'S MOTION TO COMPEL

Plaintiff has filed a motion to compel which seeks to have defendants respond to plaintiff's first request for the production of documents and first interrogatories.  Defendants oppose the motion to compel arguing that a stay of discovery is warranted as set out in their motion for a protective order.  For the reasons discussed supra Part II, defendants motion for a protective order will be denied.  Thus, plaintiff's motion to compel will be granted.

/////

/////

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order (Dkt. No. 42.) is DENIED;

2. Plaintiff's motion to compel (Dkt. No. 44.) is GRANTED; and

3. Defendants' shall serve responses to plaintiff's first request for production of documents and first interrogatories on or before December 14, 2012.

DATED: December 7, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

14
cyto1705.protordcompel

4