GLENN W. PETERSON, ESQ. (SBN 126173)
**MILLSTONE, PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

PETER M. DE JONGE, ESQ. (ADMITTED PRO HAC VICE)
JED H. HANSEN, ESQ. (ADMITTED PRO HAC VICE)
**THORPE NORTH & WESTERN, LLP**
8180 South 700 East, Suite 350
Sandy, UT 84070
Telephone: (801) 566-6633
Fax No: (801) 566-0750

Attorneys for Plaintiff/Counterclaim Defendant *CytoSport, Inc.*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYTOSPORT, INC., a California corporation, <br><br>           Plaintiff, <br><br> vs. <br><br> SELECT MILK PRODUCERS, INC., a New Mexico corporation; and ATHLETE'S HONEY MILK, LLC, a Delaware limited liability company, <br><br>           Defendants. | Case No.  2:11-cv-01705-MCE-JFM <br><br> **STIPULATED PROTECTIVE ORDER** <br> _____ <br><br> Complaint Filed:  November 11, 2011 <br> Trial Date:  Not Set |
| SELECT MILK PRODUCERS, INC., a New Mexico corporation; and FAIR OAK FARMS BRANDS, INC., a Delaware corporation, <br><br>           Counterclaimant <br><br> vs. <br><br> CYTOSPORT, INC., a California corporation, <br><br>           Counterclaim Defendant. | |

STIPULATED PROTECTIVE ORDER

Plaintiff/Counterclaim Defendant CytoSport, Inc. ("CytoSport") and Defendants/Counterclaimants Select Milk Producers, Inc., Athlete's Honey Milk, LLC, and Fair Oak Farms Brands, Inc. (collectively "Select Milk") jointly stipulate to entry by the Court of a Protective Order as set forth below pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Based on the stipulation of the Plaintiff and Defendants (individually a "party" and collectively the "parties") to entry of the following Protective Order pursuant to Rule 26(c), Federal Rule of Civil Procedure, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of a party contains any trade secret or other confidential development or commercial information ("Confidential Information"), may be designated by the parties as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the provisions of this Protective Order.

2. As a general guideline, Confidential Information should be designated CONFIDENTIAL when it contains confidential business, technical or other information that may be reviewed by the other party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. Confidential Information may be designated ATTORNEYS EYES ONLY when it contains highly sensitive information such as financial information, cost information, pricing information, sales information, customer license, supplier, and vendor information, software and firmware for a party's products, technical and development information about a party's products, comparative product test results, business plans, marketing strategies, new product plans and competitive strategies, or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the other party or third parties. Confidential Information shall be clearly marked, noticed or designated "CONFIDENTIAL." ATTORNEYS' EYES ONLY information shall be clearly marked, noticed or designated as "ATTORNEYS' EYES ONLY."

/ / /

/ / /

1       3.      Confidential Information must be designated as follows:

2       (a)      Documents or copies provided to another party in response to discovery requests containing Confidential Information may be designated by any party as either CONFIDENTIAL or ATTORNEYS' EYES ONLY by marking the page or the pages on which the Confidential Information appears with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6       (b)      In lieu of marking the original of a document which contains Confidential Information prior to inspection, a party may orally designate documents being produced for inspection as CONFIDENTIAL or ATTORNEYS' EYES ONLY thereby making them subject to this Protective Order.  However, copies of such documents ultimately produced must be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time any such documents are supplied to inspecting counsel in order to make such copies subject to this Protective Order.

12       (c)      Confidential Information disclosed at a deposition, whether by testimony or use of a document or thing, may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by clearly indicating on the record at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions of this Protective Order.  Documents, things, or information not designated on the record of the deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY may thereafter be designated as such by notifying the other party in writing within fourteen (14) days of the receipt of the transcript of such deposition.  During that fourteen (14) day period, the deposition transcript, and any documents, things, and information shall be treated as ATTORNEYS' EYES ONLY.  If a designation is made, each party shall attach a copy of any such written notification to the face of the deposition transcript and each copy thereof in its possession, custody or control.

23       (d)      Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, may be designated by prominently marking every page of such documents containing Confidential Information with the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Copies of such items filed with the Court shall be maintained under seal pursuant to the provisions of Section 11 hereof.

1   (e) Tangible objects constituting or containing Confidential Information may be designated by affixing to the object or its container a label or tag marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.

   (f) Notwithstanding any other provisions of the Protective Order, any party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY any testimony of and/or documents produced by that party's agent, sales representative, or technical or business consultant.

   (g) Should any person or entity with access to documents, things or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY make copies, extracts, summaries, descriptions, projections and/or extrapolations of or from the documents, things or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or any portions thereof, such copies, extracts, summaries, descriptions, projections and/or extrapolations shall be stamped CONFIDENTIAL or ATTORNEYS' EYES ONLY consistent with the original information and treated as Confidential Information pursuant to the provisions of this Protective Order.

   4. Confidential Information designated ATTORNEYS' EYES ONLY shall only be disclosed to and made available to the following:

   (a) "Outside Trial Counsel" of record and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; court reporters and videographers receiving or transcribing the documents, things or information in connection with official reporting (for example, at a deposition or a hearing); the Court; outside photocopy, imaging, database, graphics, design, computer simulation modeling, or exhibit production services, to the extent necessary to assist such Outside Trial Counsel for purposes of this litigation.

   (b) Outside consultants, or expert witnesses who are not employees, directors, or officers of any party, performing services solely in connection with the prosecution or defense of this litigation together with their clerical or support personnel, provided that each consultant or expert executes an acknowledgement pursuant to Section 6 herein.

   (c) Witnesses who are expected to testify in Court or in a deposition only if such persons have prior knowledge of the ATTORNEYS' EYES ONLY information.

/ / /

4
STIPULATED PROTECTIVE ORDER

5. Confidential Information designated CONFIDENTIAL shall only be disclosed to and made available to the following:

    (a) The persons identified in Subsections 4(a), 4(b), and 4(c);

    (b) The parties (i.e. employees of the corporate parties); and

    (c) Witnesses who are expected to testify in court or in a deposition only if such persons have prior knowledge of the CONFIDENTIAL information.

6. Prior to receiving Confidential Information, any person in subsections 4(b), 4(c), 5(b) and 5(c) shall sign an acknowledgement in the form of Exhibit A attached hereto.  Any individual identified pursuant to this subsection who has executed Exhibit A shall be treated as subject to this Protective Order.  A willful violation of any material term of this Protective Order by any such individual may be punishable as contempt of court.

7. If the party to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information has been produced believes that any of the documents, things or information has been improperly designated, the receiving party may at any time request the party which made the designation to cancel the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Protective Order.  Such request shall be in writing and shall particularly identify the information that is contested, including the reasons supporting the contentions.  If the party which produced the documents, things, or information objects to the requested declassification, it must, within two weeks of its receipt of the request to declassify or such other time as the parties may mutually agree, file and serve a motion for a protective order supporting its classification.  The party claiming the higher designation of protection shall have the burden of establishing the status of the particular document, thing, or information.  If no such motion is timely filed, the party objecting to the designation shall be entitled to treat the documents and/or information in accordance with the written request of such party.  If the producing party files such a motion, the document or information at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise.

/ / /

1     8.      No copies of documents, things or information designated as CONFIDENTIAL or
2  ATTORNEYS' EYES ONLY shall be received, kept, or maintained by persons other than those
3  authorized to do so under this Protective Order.

4     9.      When a party gives notice to another party that, during an oral deposition,
5  CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information are expected
6  to be produced, used or discussed during the deposition, then only persons authorized to receive such
7  information pursuant to this Protective Order will be allowed to attend that portion of the deposition
8  on behalf of the receiving party.

9     10.     To the extent it is necessary to file with the Court any material containing or
10  materially referring to any CONFIDENTIAL or ATTORNEYS' EYES ONLY document(s),
11  thing(s), or information, the parties shall file such documents under seal.

12    11.     Each party's production of any document(s), thing(s), or information designated as
13  CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be solely for purposes of and use in this
14  action, and those documents, things and information shall not be used for any other purpose.  If any
15  such document(s), thing(s), or information properly becomes a matter of public record without an
16  order of Court causing the same to be retained under seal or retained in an otherwise confidential
17  manner, then the parties will have the same rights to utilize the document, things, or information as
18  the public at large under the First Amendment.

19    12.     Within one hundred twenty (120) days after the conclusion of this action and any
20  appeal taken here from, all documents, things, and other materials produced or designated as
21  containing Confidential Information, and all reproductions thereof, shall be returned to the party who
22  produced them except that counsel for each party may retain one entire set of pleadings and
23  depositions (including exhibits) in this case.  Any party may, at their option, destroy annotated
24  copies or summaries of Confidential Information in lieu of returning those copies and summaries to
25  the producing party.

26    13.     If another court or an administrative agency subpoenas or orders production of
27  stamped confidential documents that a party has obtained under the terms of this Protective Order,
28  such party shall promptly notify the party or other person who designated the document as

confidential of the pendency of such subpoena or order in sufficient time to allow for the designating party to seek a protective order.

14.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions of this Protective Order.

15.  Persons obtaining access to stamped confidential documents under this Protective Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

16.  The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of stamped confidential documents.

17.  The disclosure of Confidential Information under the terms of the Protective Order shall not constitute a waiver of confidentiality for the documents and things so designated. Specifically:

(a)  Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)  The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend CONFIDENTIAL or ATTORNEYS EYES ONLY, or by designating it with the incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document or information contains Confidential Information and should be treated as such.  Upon receipt of such notice, and

/ / /

1  upon receipt of properly marked materials, the receiving party shall return or destroy said unmarked
2  or improperly marked materials and not retain copies thereof.

3      18.    Notwithstanding the termination of this action, persons who have had access to
4  CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information shall remain
5  subject to the terms of this Protective Order.

6      19.    This Protective Order may be modified by written agreement of the parties or by
7  further order of the Court.  Each party shall also have the right to petition the Court to modify this
8  Protective Order or for additional protection under Fed.R.Civ.P. 26(c).

9      20.    The terms of the this Protective Order are applicable to Confidential Information
10 produced by a non-party, such non-party may designate Confidential Information produced by it in
11 connection with this litigation, and the Confidential Information is protected by the remedies and
12 relief provided by the Protective Order.

13 **Date:  12/19/2012**

14
15
16     UNITED STATES MAGISTRATE JUDGE
17
18 Agreed to and Accepted by:

19 MILLSTONE PETERSON & WATTS, LLP         Date: December 12, 2012

20 /s/ Glenn W. Peterson
21 Glenn W. Peterson
   Attorneys for Plaintiff
22
23 BEST BEST & KRIEGER LLP         Date: December 12, 2012

24
25 /s/ Susan L. Schoenig
   Susan L. Schoenig
   Attorneys for Defendants
26 (Signed by Filing Attorney with Permission of Defendant's Attorney)

27
28

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYTOSPORT, INC., a California corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>SELECT MILK PRODUCERS, INC., a New Mexico corporation; and ATHLETE'S HONEY MILK, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.  2:11-cv-01705-MCE-JFM<br><br>**STIPULATED PROTECTIVE ORDER**<br>_____<br><br>Complaint Filed:  November 11, 2011<br>Trial Date:  Not Set |
| SELECT MILK PRODUCERS, INC., a New Mexico corporation; and FAIR OAK FARMS BRANDS, INC., a Delaware corporation,<br><br>                Counterclaimant<br><br>vs.<br><br>CYTOSPORT, INC., a California corporation,<br><br>                Counterclaim<br>                Defendant. | |

      This is to certify that I have read and understand the Stipulated Protective Order (the "Order") entered in the above-captioned action and agree: (a) to be bound by the terms and conditions set forth in the Order; (b) not to reveal to anyone, other than another persons listed in Section 6 of the Order, any documents, things or information designated under the Order as "Confidential"; (c) not to reveal to anyone, other than another persons identified in Section 5 of the Order, any documents, things or information designated under the Order as "ATTORNEYS' EYES ONLY" and (d) to utilize such documents, things and information solely for purposes of and in connection with the above-captioned action.  In addition, I hereby consent to the jurisdiction of the

1 | above-identified Court for purposes of enforcing the Order.  I agree that a willful violation of any
2 | material term of the Order may be punishable as contempt of court.

Dated: _____          _____

                                Signature


                                _____
                                Printed Name